PROGRESSIVE MILK CO., LTD., Appellant-Respondent, v JUAN E. LUNA et al., Respondents, and GOLD MEDAL FARMS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. PROGRESSIVE MILK CO., LTD., et al., Third-Party Defendants-Respondents. (Appeal No. 27978.)

PROGRESSIVE MILK CO., LTD., Appellant, v ANTONIO GARCIA et al., Respondents. (Appeal No. 27979.)

First Department, March 26, 1987

### APPEARANCES OF COUNSEL

*William V. Alesi* of counsel *(Donald Bernstein* with him on the brief; *Saul L. Victor* and *Marcus & Katz,* attorneys), for appellant-respondent.

*Michael G. Shannon* of counsel *(Summit Rovins & Feldesman,* attorneys), for Gold Medal Farms, Inc., defendant and third-party plaintiff-respondent-appellant, and Juan E. Luna and others, respondents.

*Michael McCormick* for New York State Department of Agriculture & Markets, *amicus curiae.*

*Lloyd Constantine* of counsel *(Colvin Grannum* and *Alan Pfeffer* on the brief; *Robert Abrams, Attorney-General,* attorney), for State of New York, *amicus curiae.*

### OPINION OF THE COURT

KUPFERMAN, J. P.

We hold that a requirements contract, by which the buyer is required to buy all of its particular needs in certain prod-

ucts from one supplier, is not a per se violation of the Donnelly Act, General Business Law § 340.[1]

For the agreement to be illegal, there must be clearly unreasonable restraints and there should be a rule of reason inquiry to determine the actual effect of the requirements contracts[2] on the relevant market.

These are two separate actions to recover damages for breach of agreements providing for the retailer to take all of its needs, for a period of seven years, of milk products of various kinds and related items, such as, malted, orange juice and fruit drinks from the plaintiff, a distributor in Bronx and New York Counties. In one of the cases, there is also a cause for inducing breach of contract against a competitor milk distributor.

The plaintiff loaned money to two retailers in connection with requirements contracts, and an event of default on the loan included the failure to honor the requirements contract.

In both cases, the loan was repaid prior to the expiration of the contract's seven-year term, and, at that point, the defendants each began purchasing milk products from another supplier.

The court, at Special Term, granted the defendants summary judgment dismissing the complaints and declared the requirements contracts to be illegal and void as per se violations of the Donnelly Act and also of section 258-v of the Agriculture and Markets Law.

"A corporation which acted as broker in arranging sale of milk by producers to milk dealers, and which corporation, under its by-laws, could fix the price for milk, was held an unlawful combination where the corporation was organized and almost entirely owned by New York City milk dealers. Such a corporation is injurious to trade and commerce, and subject to an action for the revocation of its charter. *People v. Milk Exchange Ltd.,* 145 N.Y. 267, 39 N.E. 1062 (1895)." (1 State Anti-Trust Laws, New York [Marketing Laws Survey], at 495 [WPA 1940].)

The theory, of course, was that arrangements which tended to control the flow of goods and thereby to fix prices was an invalid restraint of trade.

---

1. The Federal comparison statute is the Sherman Act (15 USC § 1 *et seq.).*

2. Requirements contracts are covered in section 2-306 of the Uniform Commercial Code.

The Donnelly Act has, as its purpose, the prevention of anticompetitive practices. *(See,* Louis J. Lefkowitz [then Attorney-General], *New York State Antitrust Enforcement—Past Present and Future,* 34 Alb L Rev 503 [1970].)

Here, we have an exclusive franchise which does not, per se, do harm to the vigor of competition where neither the distributor nor the retailer occupies a dominant market position. *(See,* 1 Handler, Twenty-Five Years of Antitrust, at 213 [9th ann review].)

The defendants argue that because of the tie-in, with the loan, the contract should be illegal per se. However, there is no real tie-in. The retailer is not compelled to buy a product it does not want in order to obtain what he desires. While the competitors are foreclosed from selling to the retailer, the retailer does have an advantage in that the distributor agrees to supply all of the retailer's needs. In any event, one test should be market power. *(Fortner Enters. v United States Steel,* 394 US 495; *see,* discussion in 2 Handler, Twenty-Five Years of Antitrust, at 793 *et seq.* [22d ann review].) Another test should be predatory pricing. *(Cf., Cargill, Inc. v Monfort of Colo.,* 479 US —, 107 S Ct 484 [1986]; *Matsushita Elec. Indus. Co. v Zenith Radio Corp.,* 475 US 574.)

Special Term erred in declaring the contracts void as against public policy under the statute without inquiry as to the effect the contracts have on competitive conditions in the relevant market. The Attorney-General of the State of New York has submitted an *amicus* brief asking that the matter be remanded for "rule of reason" inquiry to determine the actual effect, along those lines, of the contract.

While the Commissioner of Agriculture and Markets contends that the requirements contracts should be held to violate section 258-v of the Agriculture and Markets Law, that section merely interdicts "unfair methods of competition" or "unfair or deceptive acts or practices." That merely begs the question. The Commissioner has also promulgated rules (1 NYCRR 24-3.6 [a]), providing that loans should not exceed three years. However, the effective date therefor is September 1, 1986, after the agreements under consideration. Moreover, in view of the recent determination regarding importation into New York City of milk from surrounding jurisdictions, one might consider that the position of the Department of Agriculture and Markets is in a state of flux. *(See, Farmland*

*Dairies v Commissioner,* — F Supp — [US Dist Ct, ED NY, Jan. 8, 1987, Wexler, J., No. CV 86-1933].)

Accordingly, in appeal No. 27978, the order of the Supreme Court, dated June 24, 1985, which granted summary judgment dismissing the complaint and which declared the subject requirements contract to be illegal and void and directed a hearing to fix defendants' reasonable attorney's fees, pursuant to General Business Law § 340 (5), should be modified, on the law, without costs, to deny the motion for summary judgment dismissing the complaint and the declaration of illegality of contracts vacated and the direction for assessment of attorney's fees vacated, and otherwise affirmed.

In appeal No. 27979, the order of the same court, dated June 5, 1985, which granted the plaintiff's motion for reargument and upon reargument adhered to the prior order of March 12, 1985, which denied the plaintiff's motion to strike the defendants' affirmative defenses and granted summary judgment dismissing the complaint, and which declared the requirements contract to be illegal and void and directed a hearing to fix defendants' reasonable attorneys' fees pursuant to General Business Law § 340 (5) should be modified, on the law, without costs, to deny the motion for summary judgment dismissing the complaint and the declaration of illegality of contracts vacated and the direction of assessment of attorneys' fees vacated, and otherwise affirmed.

SANDLER, ROSS, CARRO and KASSAL, JJ., concur.

Appeal No. 27978—Order, Supreme Court, New York County, entered on June 24, 1985, unanimously modified, on the law, without costs and without disbursements, to deny the motion for summary judgment dismissing the complaint and the declaration of illegality of contracts vacated and the direction for assessment of attorney's fees vacated, and otherwise affirmed.

Appeal No. 27979—Order, Supreme Court, New York County, entered on or about June 5, 1985, unanimously modified, on the law, without costs and without disbursements, to deny the motion for summary judgment dismissing the complaint and the declaration of illegality of contracts vacated and the direction of assessment of attorneys' fees vacated, and otherwise affirmed.